# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01849-PAB-MJW

STACEY GORDANIER,

    Plaintiff,

v.

MONTEZUMA WATER COMPANY, a non-profit corporation, and
MICHAEL BAUER, an individual,

    Defendants.

## STIPULATED PROTECTIVE ORDER (Docket No 25-2)

Plaintiff STACEY GORDANIER and Defendants MONTEZUMA WATER COMPANY and MICHAEL BAUER (collectively, the "Parties" and individually as the "Party"), through their undersigned counsel, hereby stipulate and agree as follows:

1. This Stipulated Protective Order governs the use and handling of certain documents, exhibits, and testimony produced or provided by the Parties in the above-captioned litigation (the "Case"), whether in response to a discovery request or otherwise.

2. This Protective Order is intended to address personal information of the individual parties as well as proprietary business records of any corporation.

3. A Party may designate material or information as CONFIDENTIAL INFORMATION after they make a good faith determination that the material or

information includes or constitutes (a) a nonpublic trade secret, (b) proprietary or confidential research, development, or commercial information, or (c) information that the Party is under a duty to maintain in confidence.

4. Where CONFIDENTIAL INFORMATION is produced or otherwise disclosed by a Party, it will be designated in the following manner:

   a. By imprinting the word "Confidential" or "Produced Pursuant to Protective Order" or the first page or cover of any document produced;

   b. By imprinting the word "Confidential" next to or above any response to a discovery request; or

   c. With respect to transcribed testimony, by giving written notice to opposing counsel designating such portions as "Confidential" or covered by this Protective Order.

5. CONFIDENTIAL INFORMATION shall not be used, disclosed, revealed, or disseminated in any way to any person, firm, or entity not connected to this litigation, except according to the terms of this Protective Order.

6. The Parties and their counsel may copy CONFIDENTIAL INFORMATION for use by the Party, their counsel, and their experts; however, such copies shall not be disseminated other than to persons who are authorized to use them in regard to this litigation as provided herein.

7. CONFIDENTIAL INFORMATION shall not be available for inspection by individuals other than the Parties, their counsel and their staff working on this lawsuit,

experts, witnesses, persons agreed upon in writing, and any judge or magistrate having jurisdiction over this litigation. These individuals are authorized to inspect these documents for the sole purpose of matters related to this litigation.

8.  The substance of any CONFIDENTIAL INFORMATION, including, without limitation, any notes or summaries of such, is not to be disseminated by the Parties, their counsel, consultants, experts, or any of their agents, servants or employees, other than to persons authorized to receive this information as provided in the Protective Order.

9.  In the event it is necessary for any Party to file with the Court any information covered by this Protective Order, such documents shall be filed in a sealed envelope with the following statement typed conspicuously on the envelope:

[handwritten margin notes: Consistent with D.C. Colo. L. Civ. R. 7.2 A-1, 7.3]

**CONFIDENTIAL**

This document is filed under seal. Unless otherwise ordered by the Court, it shall not be reproduced for, or shown to, persons other than those entitled to have access to such documents under the Protective Order entered in *Gordanier v. Montezuma Water Company, et al.*, Civil Action No. 08-cv-01849-PAB-MJW, U.S. District Court, District of Colorado.

[handwritten margin notation: MDM 11-14-08]

Any pleadings or briefs filed by the Parties that either quote or discuss information covered by this Protective Order shall also be filed in sealed form.

10. At the conclusion of this litigation, the CONFIDENTIAL INFORMATION shall be either:

a. Returned to respective counsel for the producing party;

b. Maintained pursuant to the terms of this Stipulated Protective Order; or

c. Destroyed, accompanied by the exchange of a written representation by the respective Party's counsel that such destruction has occurred.

This requirement for return of information and documents does not include, and expressly exempts, any matters falling under the attorney-client or work product privileges.

11. All persons who receive CONFIDENTIAL INFORMATION shall be notified and provided with a copy of this Protective Order, and shall agree in writing to be bound by the Protective Order

12. The Parties agree that the CONFIDENTIAL INFORMATION exchanged in written discovery shall not be used in any way, directly or indirectly, for any business purpose or litigation except as set forth in this Protective Order.

13. If any receiving Party contends that certain information and documents should not be designated CONFIDENTIAL INFORMATION by the producing party, the receiving Party disputing such designation shall bring the matter to the attention of the producing party, stating with particularity the reasons for the dispute. Counsel for the Parties may present the issue to the Court for resolution, either through a motion for protective order, motion to compel, submission of documents for *in camera* review, or similar process contemplated by the Rules of Civil Procedure. No outside disclosures of

disputed CONFIDENTIAL INFORMATION shall occur until resolution of the dispute by agreement or Court order.

14. All persons having CONFIDENTIAL INFORMATION covered by this Protective Order shall be under a continuing duty not to reveal such information unless otherwise agreed to in writing by the Parties or unless otherwise required by a court or regulatory body of competent jurisdiction.

15. If the receiving Party is served with a subpoena or discovery request in another matter calling for the production of CONFIDENTIAL INFORMATION, the receiving Party subject to the subpoena or request shall notify the producing Party at least ten (10) calendar days before responding to the subpoena or request, so as to allow the producing Party to protect its interests in the confidentiality of the information. A Party shall not be in violation of this Protective Order if it discloses CONFIDENTIAL INFORMATION pursuant to a valid subpoena or order after satisfying the following requirements:

    a. Complying with the notice requirement above;

    b. Allowing the producing party an opportunity to protect its interests; and

    c. Receiving a ruling requiring disclosure of the "Confidential" information, if the subpoena or request is challenged by the producing party.

Notice pursuant to this paragraph shall be provided by faxed correspondence to counsel of record in this lawsuit.

16. Violations of this Stipulated Protective Order may subject the violator to civil liability and/or judicial penalties. Further, the Parties agree that violations will cause irreparable harm to one or more Parties, and therefore agree that injunctive relief is the appropriate means to enforce this agreement.

17. Nothing in this Protective Order shall preclude any Party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Colorado Rules of Civil Procedure, or from filing a motion with respect to the manner in which information and documents subject to this Protective Order shall be treated at trial.

18. This Court retains jurisdiction subsequent to the final resolution of this lawsuit to enforce the terms of this Protective Order.

Entered this 14th day of November, 2008.

BY THE COURT:

~~U.S. District Court Judge~~

MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO

Approved as to Form and Substance:

**OVERTURF, McGATH, HULL & DOHERTY, P.C.**

By  S/ Mark C. Overturf

Mark C. Overturf, #15188
Overturf, McGath, Hull & Doherty, P.C.
625 E. 16th Ave., Ste. 100
Denver, CO 80203
(303) 860-2848
(303) 860-2869 (fax)
mco@omhdlaw.com
Attorney for Defendants
*Original Signatures on File*

**RAE L. DREVES**

By  S/ Rae L. Dreves

Rae L. Dreves, Esq., #37047
530 Main Avenue, Ste. B
Durango, CO 81301
(970) 764-4374
(970) 764-4375 (fax)
rldreves@bresnan.net
Attorney for Plaintiff
*Original Signatures on File*