IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01849-PAB-MJW

STACEY GORDANIER,

Plaintiff,

v.

MONTEZUMA WATER COMPANY, et al.,

Defendant.

---

**ORDER REGARDING
PLAINTIFF'S MOTION TO COMPEL DISCOVERY AND AMEND SCHEDULING
ORDER TO INCLUDE ELECTRONIC DISCOVERY PLAN (DOCKET NO. 58)**

**RECOMMENDATION REGARDING
PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT TO CONFORM TO
EVIDENCE OBTAINED IN DISCOVERY (DOCKET NO. 79)**

---

**Entered by Magistrate Judge Michael J. Watanabe**

This matter was before the court on September 14, 2009, for hearing on Plaintiff's Motion to Compel Discovery and Amend Scheduling Order to Include Electronic Discovery Plan (docket no. 58) and Plaintiff's Motion for Leave to Amend Complaint to Conform to Evidence Obtained in Discovery (docket no. 79). The court has reviewed the subject motions (docket nos. 58 and 79), the response (docket no. 69), the reply (docket no. 77), the Plaintiff's Notice of Supplemental Authority for Motion to Compel Hearing (docket no. 78), and Supplements (docket nos. 95, 96, 97, 98, and 99). In addition, the court has considered applicable Federal Rules of Civil Procedure and case law. Lastly, the court has considered oral argument by the parties through

2

counsel. The court now being fully informed makes the following findings of fact, conclusions of law, and order.

## FINDING OF FACT AND CONCLUSIONS OF LAW

The court finds:

1. That I have jurisdiction over the subject matter and over the parties to this lawsuit;

2. That venue is proper in the state and District of Colorado;

3. That each party has been given a fair and adequate opportunity to be heard;

4. That Plaintiff seeks an order from this court compelling Defendant to produce certain electronically stored documents and to amend the Rule 16 Scheduling Order to include an electronic discovery plan. In particular, Plaintiff seeks electronically stored information ("ESI") in Mike Bauer's computer from January 1, 2001, through June 9, 2006, and containing anything of a sexual nature in the form of website links, text files, and/or e-mails;

5. Defendant opposes the subject motion (docket no. 58) and argues that the subject motion (docket no. 58) should be denied because: (1) the parties entered into a binding scheduling order stating there was no need for electronic discovery; (2) there is a pending motion for summary judgment on the issue of whether the alleged sexually inappropriate e-mails were asserted in a timely fashion in order to be included in Plaintiff's claims and granting this summary

3

judgment motion will render Plaintiff's Motion to Compel moot; (3) the data sought by Plaintiff is not reasonably accessible and thus, not subject to production absent a showing of "good cause;" (4) Plaintiff has failed to establish "good cause" for the requested data; (5) Plaintiff's proposed ESI plan is inappropriate and fails to account for full disclosure and protection of confidential information; and (6) Plaintiff's request for attorney's fees should be denied;

6. That at the Rule 16 Scheduling Conference on November 7, 2008, at 9:00 a.m., the Plaintiff was represented by legal counsel, Rae L. Dreves.  At this Rule 16 Scheduling Conference, neither party indicated to Magistrate Judge Watanabe that this case would involve extensive ESI.  In fact, the response by the parties in the Rule 16 Scheduling Order under paragraph 6 f. was **"NONE;"**

7. That it is undisputed that Plaintiff worked for Defendant on and off since 1991.  *See* paragraph 4 Undisputed Facts in the Rule 16 Scheduling Order (docket no. 22) and paragraph 10 in the Complaint (docket no. 1);

8. That it is clear that Plaintiff was aware of Defendant's employee Mike Bauer, who was Plaintiff's immediate supervisor, when she filed her Complaint since she initially sued Mr. Bauer, and he has since been dismissed.  *See* paragraph 9 in the Complaint (docket no. 1). It is further clear that the Plaintiff used Defendant's computers while working for Defendant and was aware that the

4

Defendant's computers had e-mail capabilities. Moreover, in the Complaint (docket no. 1) at paragraphs 11 and 12, in particular, as well as in paragraph 3 in the Statement of Claims and Defenses in the Rule 16 Scheduling Order (docket no. 22), Plaintiff alleges a violation of Title VII of the Civil Rights Act of 1964.  Specifically, Plaintiff asserts in the Statement of Claims and Defenses Section of the Scheduling Order (docket no. 22) the following:

> "**Plaintiff:**  Plaintiff claims her rights pursuant to Title VII of the Civil Rights Act of 1964 were violated when another employee of Defendant Corporation sexually harassed her in the work place.  In addition, she claims was retaliated against by Defendant Corporation when she was demoted after her complaint of sexual harassment was reported;"

9. That paragraph 6 of the Rule 16 Scheduling Order (docket no. 22) was agreed to by the parties.  That Plaintiff is bound by her counsel's representations to the court that no electronic discovery was required. *See* Plaintiff's attorney Rae L. Dreves electronic signature on page 7 of the Rule 16 Scheduling Order (docket no. 22) and  Deghand v. Walmart Stores, Inc., 904 F. Supp. 1218, 1221 (D. Kan. 1995);

10. That Plaintiff's Motion for Leave to Amend Complaint to Conform to Evidence Obtained in Discovery (docket no. 79) was filed with the court on July 31, 2009, and **after** the discovery cut off date and

5

after the deadline to joint parties or amend the pleadings. *See* paragraph 8 a. and b. under Case Plan and Schedule in the Rule 16 Scheduling Order (docket no. 22) and the record of court proceedings concerning deadlines to complete discovery and to join parties or amend pleadings;

11. That the Plaintiff's Motion for Leave to Amend Complaint to Conform to Evidence Obtained in Discovery (docket no. 79) is made after the deadline for amendment of pleadings, and thus this court has applied the following analysis in deciding whether to allow the amendments:

> Where, as here, a motion to amend the pleadings . . . is filed after the scheduling order deadline, a "two-step analysis" is required. Once a scheduling order's deadline for amendment has passed, a movant must first demonstrate to the court that it has "good cause" for seeking modification of the scheduling deadline under Rule 16(b). If the movant satisfies Rule 16(b)'s "good cause" standard, it must then pass the requirements for amendment under Rule 15(a) . . . .
>
> Rule 16(b)'s "good cause" standard is much different than the more lenient standard contained in Rule 15(a). Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party. Rather,

6

> it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment. Properly construed, "good cause" means that the scheduling deadlines cannot be met despite a party's diligent efforts. In other words, this court may "modify the schedule on a showing of good cause if [the deadline] cannot be met despite the diligence of the party seeking the extension." Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief.

Pumpco, Inc. v. Schenker Int'l, Inc., 204 F.R.D. 667, 668 (D. Colo. 2001) (quotations and citations omitted). Here, I find that Plaintiff has failed to satisfy this first step in the analysis and has failed to establish good cause to extend the deadline within which Plaintiff may seek leave to amend the complaint.

The second step is consideration of whether the plaintiff has satisfied the standard for amendment of pleadings required under Fed. R. Civ. P. 15(a):

> Rule 15(a) provides that leave to amend "shall be freely given when justice so requires." Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by

amendments previously allowed, or futility of

amendment.

<u>Id.</u> at 669 (citation omitted). Based upon this standard, and for the reasons stated above in this order and for those additional reasons as outlined in the response (docket no.69) which this court incorporates by reference, the Plaintiff's Motion to Compel Discovery and Amend Scheduling Order to Include Electronic Discovery Plan (docket no. 58) and Plaintiff's Motion for Leave to Amend Complaint to Conform to Evidence Obtained in Discovery (docket no. 79) should be denied.

## ORDER

**WHEREFORE**, based upon these findings of fact and conclusions of law, this court **ORDERS**:

1. That Plaintiff's Motion to Compel Discovery and Amend Scheduling Order to Include Electronic Discovery Plan (docket no. 58) is **DENIED**.

## RECOMMENDATION

**WHEREFORE**, based upon these findings of fact and conclusions of law, this court **RECOMMENDS**:

1. That Plaintiff's Motion for Leave to Amend Complaint to Conform to Evidence Obtained in Discovery (docket no. 79) be **DENIED**.

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the**

8

**parties have ten (10) days after service of this recommendation to serve and file written, specific objections to the above recommendation with the District Judge assigned to the case. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, Thomas v. Arn, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. Makin v. Colorado Dep't of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Done this 9th day of October 2009.

BY THE COURT

s/ Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE