IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 08-cv-01849-PAB-MJW

STACEY GORDANIER,

    Plaintiff,

v.

MONTEZUMA WATER COMPANY,

    Defendant.
_____

**ORDER**
_____

This matter comes before the Court on the Order and Recommendation of United States Magistrate Judge [Docket No. 102]. The magistrate judge addressed both plaintiff's Motion to Compel Discovery and Amend Scheduling Order to Include Electronic Discovery Plan ("motion to compel") [Docket No. 58] and plaintiff's Motion for Leave to Amend Complaint to Conform to Evidence Obtained in Discovery ("motion to amend") [Docket No. 79]. As to the motion to compel, a non-dispositive discovery motion, the magistrate judge denied the motion. *See* Fed. R. Civ. P. 72(a) (magistrate judge is empowered to enter written orders adjudicating non-dispositive matters). As to the motion to amend, the magistrate judge construed it to be dispositive of plaintiff's proposed additional claims and therefore recommended, rather than ordered, that the motion be denied. *See* Fed. R. Civ. P. 72(b) (magistrate judge is to recommend proper adjudication of dispositive matters). On October 19, 2009, plaintiff filed timely

objections [Docket No. 104] to both the order and the recommendation.  Defendant filed a response [Docket No. 110] to the objections, and plaintiff filed a reply [Docket No. 111].  I consider each issue in turn.

## I.  MAGISTRATE JUDGE'S ORDER DENYING MOTION TO COMPEL

Because plaintiff's motion to compel involves a nondispositive pretrial motion, I review the magistrate judge's order under a deferential standard of review.  Plaintiff must demonstrate that the magistrate judge's ruling was "clearly erroneous or . . . contrary to law."  Fed. R. Civ. P. 72(a).

Plaintiff's motion to compel sought to amend the court's scheduling order [Docket No. 22], which stated that the case would not involve extensive electronically stored information, in order to permit discovery of electronic information from the computer of plaintiff's former supervisor.  The magistrate judge found that plaintiff had not demonstrated the "good cause" necessary to amend the scheduling order.  *See* Fed. R. Civ. P. 16(b)(4).  The magistrate judge focused specifically on the fact that plaintiff was aware that electronic evidence might exist at the time of the scheduling conference but expressly agreed, in the scheduling order, that no electronic discovery would be required.

Plaintiff does not dispute that a showing of good cause is necessary to amend the scheduling order, but rather argues that she has met this standard.  She focuses particularly on her contentions that her former counsel's waiver of electronic discovery should be considered excusable neglect, and that the evidence is crucial to her claims.

2

Neither of these arguments compels a finding of good cause. Having reviewed plaintiff's objections, I cannot find that the magistrate judge abused his broad discretion to manage discovery or that his order was clearly erroneous or contrary to law. The order is affirmed.

## II. MAGISTRATE JUDGE'S RECOMMENDATION ON MOTION TO AMEND

Timely objections to magistrate judge *recommendations* are reviewed de novo pursuant to Rule 72(b), rather than under the clearly erroneous/contrary to law standard applied to magistrate judge *orders* by Rule 72(a). As noted above, the magistrate judge issued a recommendation that the motion to amend be denied, suggesting that de novo review is required. However, the parties dispute whether this is the proper standard of review. [Docket No. 111 at 4.] While there is some confusion over whether a motion to amend falls within Rule 72(a) or Rule 72(b), *see Brown v. Nagem*, No. 05-cv-01408, 2006 WL 2164421, at *1 (D. Colo. July 28, 2006), I need not resolve the issue here. Even reviewing the matter de novo, I agree with the magistrate judge's recommendation.

Plaintiff's motion to amend purports to add claims based on new evidence uncovered during the discovery phase of this litigation. Because the scheduling order's deadline for amending the pleadings had passed, the magistrate judge required plaintiff to show good cause under Rule 16(b) in order to modify the scheduling order and amend the complaint. As with the motion to compel, plaintiff agrees that Rule 16 controls but argues that the good cause standard has been met. [Docket No. 79 ¶ 11.]

3

Despite plaintiff's concession, whether good cause is required to amend a post-deadline pleading is an open question in the Tenth Circuit. *See Bylin v. Billings*, 568 F.3d 1224, 1231 n.9 (10th Cir. 2009). But even assuming plaintiff need only satisfy the standard set forth in Rule 15, which permits an amendment "when justice so requires," the motion to amend must be denied.

Motions to amend may be denied on the ground of undue delay. The focus is "primarily on the reasons for the delay." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1206 (10th Cir. 2006); *see also id.* ("[D]enial of leave to amend is appropriate 'when the party filing the motion has no adequate explanation for the delay.'" (quoting *Frank v. U.S. West*, 3 F.3d 1357, 1365-66 (10th Cir. 1993))). Thus, leave to amend may be denied "where the moving party was aware of the facts on which the amendment was based for some time prior to the filing of the motion to amend." *Fed. Ins. Co. v. Gates Learjet Corp.*, 823 F.2d 383, 387 (10th Cir. 1987).

Plaintiff seeks to add two new claims to her complaint. The first is a claim for discrimination based on not being allowed to take "comp time" when other male employees were. Plaintiff claims that she discovered this claim after inspecting documents produced at the end of the discovery period. [Docket No. 79 ¶ 4.] However, defendant notes that these documents had been prepared by plaintiff herself when she was an employee and were "in Plaintiff's own handwriting and maintained by Plaintiff since 2004." [Docket No. 105-2 at 3; *see also* Docket No. 108 at 4-5.] Whether or not plaintiff had her hands on the specific documents to support her "comp time" claim, she

4

was, or should have been, aware of the relevant facts long before this post-discovery motion to amend.

Plaintiff also seeks to add a claim for "constructive discharge." Like the "comp time" claim, defendant persuasively argues that plaintiff was, or should have been, on notice of the claim much earlier in this litigation. Plaintiff bases this constructive discharge claim on the theory that "she was forced to quit as a reasonable response to" defendant's actions. [Docket No. 79 ¶ 8.] However, as plaintiff herself admits in the motion to amend, she contended that she was "forced to resign" as early as her pre-litigation EEOC Charge. [Docket No. 79 ¶ 7.]

Plaintiff has unduly delayed the proffer of these two claims until after the close of discovery. I therefore agree with the magistrate judge's recommendation that the motion to amend be denied.

## III. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that the Order and Recommendation of United States Magistrate Judge [Docket No. 102] is AFFIRMED and ACCEPTED. Specifically, the Court affirms the magistrate judge's denial of plaintiff's Motion to Compel Discovery and Amend Scheduling Order to Include Electronic Discovery Plan [Docket No. 58], and accepts the recommendation with respect to plaintiff's Motion for Leave to Amend Complaint to Conform to Evidence Obtained in Discovery [Docket No. 79]. As a result, it is further

**ORDERED** that plaintiff's Motion for Leave to Amend Complaint to Conform to Evidence Obtained in Discovery [Docket No. 79] is DENIED

DATED March 11, 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge