IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01849-PAB-MJW

STACEY GORDANIER,

Plaintiff,

v.

MONTEZUMA WATER COMPANY,

Defendant.

**ORDER REGARDING
DEFENDANT'S MOTION FOR PROTECTIVE ORDER
(DOCKET NO. 129)**

**Entered by United States Magistrate Judge Michael J. Watanabe**

This matter was before the court on March 31, 2010, for hearing on Defendant's Motion for Protective Order (docket no. 129). The court has considered the subject motion (docket no. 129), the response (docket no. 134), Plaintiff's Notice of Supplemental Authority to Response to Motion for Protective Order for March 31, 2010 Hearing (docket no. 141), and Defendant's Reply in Support of Motion for Protective Order (docket no. 136). In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law. Lastly, the court has considered and reviewed the disputed subject documents and cassette tapes that were submitted to this court for *in camera* review by Defendant and oral argument presented by the parties. The court now being fully informed makes the following findings of fact, conclusions of law, and order.

**FINDING OF FACT AND CONCLUSIONS OF LAW**

The court finds:

1. That I have jurisdiction over the subject matter and over the parties to this lawsuit;

2. That venue is proper in the state and District of Colorado;

3. That each party has been given a fair and adequate opportunity to be heard on the subject motion (docket no. 129);

4. That in this case, Plaintiff alleges (a) that she was sexually harassed by her immediate supervisor, Defendant failed to correct this conduct, and Plaintiff was retaliated against by Defendant; (b) that Defendant employer maintained a hostile work environment; and (3) that Plaintiff was forced to resign due to the ongoing sexual harassment;

5. That as to the disputed documents and cassette tapes, which this court has reviewed, *in camera*, Defendant argues that all of these documents and cassette tapes are protected under the attorney-client privilege, work product privilege, and/or employee confidentiality. See subject motion (docket no. 129), pages 4-6, inclusive. Defendant further argues that these documents and cassette tapes are irrelevant to Plaintiff's claims and are not likely to lead to the discovery of admissible evidence. Defendant also argues that, to the extent that such documents and cassette tapes are discoverable, this court should use its powers under Fed. R.

Civ. P. 26(c) to protect the complaining employees, the accused employee, or any other employee from annoyance, embarrassment, oppression, or undue burden by redacting the names and other identifying information from any documents and further requiring that the information be designated for the "attorneys' eyes only" and not be disseminated to any other person, except upon further order of the court;

6. That Fed. R. Civ. P. 26(b)(1) allows parties to obtain discovery regarding any relevant, non-privileged matter, stored in any medium. "Relevance" under Rule 26 "has been construed broadly to encompass any matter that bears on, or that reasonably could bear on, any issue that is, or may be, in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978). Fed. R. Civ. P. 26(a)(1)(A) requires a party to disclose, without awaiting a discovery request, witnesses and documents that may support its claims or defenses in the case. Rule 26(e) requires supplementation of a party's original disclosures and discovery responses;

7. That Colorado law contains a doctrine promoting the confidentiality of employee records, and courts generally apply the three-part test set forth in Martinelli v. District Court, 612 P.2d 1083 (Colo. 1980), to determine whether confidential information should be disclosed during discovery. Furthermore, in Stone v. State Farm Mut. Auto.

Ins. Co., 185 P.3d 150, 157 (Colo. 2008), the Colorado Supreme Court affirmed the test set forth in Alcon v. Spicer, 113 P.3d 735 (Colo. 2005), in cases involving two private parties and the discovery of confidential information. The Stone test requires the court to balance the concepts of "compelling need and least intrusive alternative" and mandates that this inquiry be considered in light of the particular circumstances of each case. The Stone court noted that the burden is upon the party seeking the discovery to demonstrate a "compelling need for the specific information contained in the requested documents;"

8. That before the subject motion (docket no. 129) was filed in this lawsuit, the parties already knew who these individuals are who are mentioned in the disputed documents. Defendant has not identified any actual or subjective employee expectation that their interviews would not be disclosed. Defendant has not articulated why the employee interviews were so highly personal and sensitive that disclosure would be offensive and objectionable to a reasonable person of ordinary sensibilities. Here, the disputed documents and cassette tapes are relevant on Plaintiff's claims. They are probative on supervisor misconduct or propensities toward such conduct, a work culture that allowed such conduct, Defendant's efforts to supervise the alleged harasser/supervisor to minimize the occurrence of such alleged sexual harassment, credibility of

witnesses likely to testify in this case, potential Fed. R. Evid. 404(b) evidence, pretext, and retaliation;

9. That "me too" type evidence may very well be relevant to an employer's discriminatory intent and a pattern of conduct, which in turn may bear on pretext. Jackson v. Potter, 587 F. Supp.2d 1179, 1183 (D. Colo. 2008). Moreover, "me too" type evidence within two years old may be considered by the jury. Brown v. Trustees of Boston Univ., 891 F.2d 337, 350 (1st Cir. 1989). Further, "me too" type evidence may be admissible to prove motive, intent, or plan to discriminate or retaliate under Fed R. Civ. P. 404(b). Goldsmith v. Bagby Elevator, Inc., 513 F.3d 1261, 1286 (11th Cir. 2008);

10. That Plaintiff has established a compelling need for such disputed documents and cassette tapes under the facts of this case. It is highly unlikely that the individuals named and interviewed in the disputed documents and cassette tapes would agree to be interviewed again by Plaintiff's counsel. Even if these individuals agreed to be interviewed by Plaintiff's counsel as suggested by Defendant, there would be no way for Plaintiff to determine whether information provided to Plaintiff during such interviews was consistent or inconsistent with interviews outlined in the disputed documents and cassette tapes. In this case, the least intrusive alternative is to require disclosure of the disputed documents and cassette tapes with redaction of particularized information

contained therein and with further protection through the protective order (docket no. 30) previously entered by this court.  Because such disputed documents and cassette tapes are not otherwise readily obtainable, then consistent with <u>Martinelli</u> and <u>Stone</u> such disputed documents and cassette tapes are discoverable with proper redaction of specific information contained therein, noting that the issue of actual admissibility of these disputed documents and cassette tapes will be left to the trial court judge who will try the case on the merits, namely, Judge Philip A. Brimmer;

11. That the Protective Order (docket no. 30) entered by this court on November 14, 2008, will protect any confidential information, and when coupled with an order by this court that any social security numbers, employee ID numbers, or other financial identification numbers for any of the individuals listed in the disputed documents and cassette tapes be redacted will satisfy any confidential information concerns;

12. That the requested surveillance camera tapes are not in existence and are unavailable; and

13. That the disputed document with bates stamped # MWC 5066-5081, Report of attorney Dennis Golbricht dated July 30, 2009, to Montezuma Water Company Board of Directors is protected by the attorney-client privilege and is also attorney work product and therefore not discoverable.

**ORDER**

**WHEREFORE**, based upon these findings of fact and conclusions of law, this court **ORDERS**:

1. That Defendant's Motion for Protective Order (docket no. 129) is **GRANTED IN PART AND DENIED IN PART**;

2. That the Subject Motion (docket no. 129) is **GRANTED** as to document bates stamped # MWC 5066-5081, Report of attorney Dennis Golbricht dated July 30, 2009, to Montezuma Water Company Board of Directors;

3. That the Subject Motion (docket no. 129) is **DENIED** as to the other documents as listed in docket no. 129 on pages 4-6, inclusive, and further **DENIED** as to the cassette tapes;

4. That Defendant shall redact any social security numbers, employee ID numbers, or other financial identification numbers for any of the individuals listed in these disputed documents and cassette tapes, but the names of such individuals shall remain included in such documents and cassette tapes as listed in docket no. 129 on pages 4-6;

5. That Defendant shall provide copies of such documents and cassette tapes as stated above in paragraph 3 in redacted form as outlined in paragraph 4 above to Plaintiff on or before April 20, 2010.  Plaintiff shall pay the cost for such copies of the documents

8

and cassette tapes. Defendant shall file a copy of the **redacted disputed documents and cassette tapes** with the court on or before April 20, 2010, consistent with D.C.COLO.LCivR 7.2;

6. That the disputed documents and cassette tapes that were submitted for, *in camera*, review shall be **SEALED** and not opened except by further Order of Court;

7. That the disputed documents and cassette tapes that have been ordered to be provided to Plaintiff are **not limited to** "attorney eyes only," however, they are subject to this court's protective order (docket no. 30) and may be used in this case only and for no other purpose; and

8. That each party shall pay their own attorney fees and costs.

Done this 2nd day of April 2010.

BY THE COURT

s/ Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE